STATE of Wisconsin, Plaintiff-Respondent,

v.

William AGOSTO, Defendant-Appellant.†

Court of Appeals

*No. 2006AP2646–CR. Submitted on briefs August 1, 2008.
—Decided September 23, 2008.*

2008 WI App 149

(Also reported in 760 N.W.2d 415.)

† Petition to review dismissed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrea Taylor Cornwall*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Pamela Magee*, assistant attorney general.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J. William Agosto appeals the following judgments of conviction entered on his pleas of guilty in Milwaukee County circuit court case number 2005-CF-0638: second-degree sexual assault of a child, *see* WIS. STAT. § 948.02(2), and interference with child custody, *see* WIS. STAT. § 948.31(2). The judgments were dated March 1, 2006, and, as corrected, April 12, 2006, and April 25, 2006. We view Agosto's appeal as being from the April 25 final corrected judgment, which superseded the others. Agosto also appeals the circuit court's October 18, 2006, order denying his motion to relieve him of his obligation to reimburse his mother for the $50,000 bail that she posted for him but was

forfeited when he did not appear for a court date. The only issue on this appeal is whether the circuit court could order Agosto to reimburse his mother.[1]

## I.

¶ 2. Agosto's violation of a condition of the bail posted by his mother resulted in his being charged with bail-jumping in Milwaukee County circuit court case number 2005-CF-3872. *See* Wis. Stat. § 946.49(1)(b). He pled guilty and the circuit court entered a judgment convicting him of that crime. Agosto also pled guilty in Milwaukee County circuit court case number 2005–CF-4893 to driving a car without the owner's consent. *See* Wis. Stat. § 943.23(3). The circuit court also entered a judgment of conviction in that case. All three cases were consolidated for sentencing.

¶ 3. The circuit court sentenced Agosto in case -0638 to ten years of initial confinement for his conviction of second-degree sexual assault of a child to be

---

[1] In an order dated December 27, 2007, we remanded the matter to the circuit court to determine to what extent Agosto would be able to repay the $50,000. *See State v. Loutsch*, 2003 WI App 16, ¶¶ 25–26, 259 Wis. 2d 901, 917–918, 656 N.W.2d 781, 788 (sentencing court must consider defendant's ability to pay before entering restitution order). The circuit court has now made that determination, finding that Agosto has the ability to pay $12,000. Agosto does not challenge this finding on appeal. The only issue before us is whether the circuit court could order Agosto to reimburse his mother, to the extent of his ability to pay, for the forfeited bail money she posted on his behalf. The judgment and order denying Agosto's post-judgment motion to relieve him of the obligation to reimburse his mother was entered by the Honorable Mel Flanagan; the Honorable Thomas P. Donegan made the determination that Agosto has the ability to pay $12,000 of the bail money forfeited by his mother.

followed by ten years of extended supervision, made "[c]onsecutive to any other sentence," and eighteen months of initial confinement for Agosto's conviction of interference with child custody to be followed by two years of extended supervision, also consecutive to any other sentence. The circuit court sentenced Agosto in case -3872 to three years of initial confinement for his conviction of bail-jumping to be followed by two years of extended supervision, "[c]oncurrent with any other sentence." The circuit court sentenced Agosto in case -4893 to eighteen months of initial confinement for his conviction of driving a car without the owner's consent to be followed by two years of extended supervision, also "[c]oncurrent with any other sentence."

¶ 4.   While the circuit court could have entered the restitution order in case -3872 (the bail-jumping case), it did not. Rather, it imposed the restitution order as part of the judgments entered in case -0638, the sexual assault and child-custody case. Although first designated in those judgments as "restitution," the circuit court's October 18 order changed the basis for the reimbursement-obligation to "a condition of extended supervision." Agosto has not appealed the judgments of conviction in either the bail-jumping case, -3872, or in the driving-without-owner's-consent case, -4893.

## II.

¶ 5.   As noted, Agosto's only complaint on this appeal is his contention that the circuit court did not have the authority to order him in case number -0638 to reimburse his mother for the forfeited bail, either as "restitution," as the circuit court originally designated it, or, as it later characterized it, as a condition of his extended supervision. We disagree.

389

¶ 6. A circuit court's sentencing authority is constrained by statute. *State v. Maron*, 214 Wis. 2d 384, 388, 571 N.W.2d 454, 456 (Ct. App. 1997). Thus, whether the circuit court had authority to require Agosto to reimburse his mother requires that we apply the pertinent statutes, and, in doing so, our analysis is *de novo. See ibid.* Unless a statute is ambiguous, we apply it as it stands. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 662, 681 N.W.2d 110, 123–124. We analyze against this background both the circuit court's original decision to require Agosto to reimburse his mother for the forfeited bail as "restitution" as well as its later making the reimbursement a condition of Agosto's extended supervision.

A. *Restitution.*

¶ 7. Unless there is a "substantial reason not to do so," a sentencing court must order restitution to crime victims.

> When imposing sentence or ordering probation for any crime, [with an exception not relevant], the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section *to any victim of a crime considered at sentencing* or, if the victim is deceased, to his or her estate, unless the court finds substantial reason not to do so and states the reason on the record.

Wis. Stat. § 973.20(1r) (emphasis added).[2] A " '[v]ictim' " is "[a] person against whom a crime has been commit-

---

[2] Wisconsin Stat. § 973.20(1r) reads in full:

390

ted." Wis. Stat. § 950.02(4)(a)1; *see State v. Gribble*, 2001 WI App 227, ¶ 71, 248 Wis. 2d 409, 459, 636 N.W.2d 488, 512 (" '[V]ictim' in Wis. Stat. § 973.20(1r) is most reasonably interpreted using the definition in Wis. Stat. § 950.02(4)(a).").

¶ 8.   Although the State agrees with Agosto that his mother is not a "victim of a crime," we are not bound by the concession. *See State v. Gomaz*, 141 Wis. 2d 302, 307, 414 N.W.2d 626, 629 (1987). The following syllogism leads us to a contrary conclusion:

- Agosto committed the "crime" of bail-jumping. He pled guilty and the circuit court entered a judgment convicting him of that crime.

---

When imposing sentence or ordering probation for any crime, other than a crime involving conduct that constitutes domestic abuse under s. 813.12 (1) (am) or 968.075 (1) (a), for which the defendant was convicted, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing or, if the victim is deceased, to his or her estate, unless the court finds substantial reason not to do so and states the reason on the record. When imposing sentence or ordering probation for a crime involving conduct that constitutes domestic abuse under s. 813.12 (1) (am) or 968.075 (1) (a) for which the defendant was convicted or that was considered at sentencing, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of a crime or, if the victim is deceased, to his or her estate, unless the court finds that imposing full or partial restitution will create an undue hardship on the defendant or victim and describes the undue hardship on the record. Restitution ordered under this section is a condition of probation, extended supervision, or parole served by the defendant for a crime for which the defendant was convicted. After the termination of probation, extended supervision, or parole, or if the defendant is not placed on probation, extended supervision, or parole, restitution ordered under this section is enforceable in the same manner as a judgment in a civil action by the victim named in the order to receive restitution or enforced under ch. 785.

- As a result of that crime, Agosto's mother lost $50,000, and she lost it by the artifice of her son's false promise to comply with the conditions of his bond as surely as if he had taken the $50,000 from her by force.

- Thus, Agosto's mother was the "victim" of his having committed the crime of bail-jumping. *See State v. Galli*, 967 P.2d 930, 937–938 (Utah 1998) (If the defendant had either pled guilty to or admitted to violating the conditions of his bail, he would have been subject to a restitution order directing him to reimburse the person who posted the bail that was forfeited as a result of the violations.).

¶ 9.   As applicable here, a circuit court may impose a restitution order as part of a sentence if the following is true:

- the beneficiary of the restitution order is "[a] person against whom a crime has been committed" (so as to be a "victim"); and

- the beneficiary of the restitution order is a victim of a crime that is "considered at sentencing." He or she need not be a victim of the crimes for the sentence imposed (here, sexual assault and interference with child custody).

Both of these requisite elements are present here.

¶ 10.   Although we could end our analysis at this point and direct that the circuit court vacate the conditions-of-extended-supervision part of its October 18, 2006, order because we may affirm a determination by the circuit court on a ground rejected by that court, *see State v. Holt*, 128 Wis. 2d 110, 124, 382 N.W.2d 679, 687 (Ct. App. 1985), the circuit court also did not err by designating the reimbursement order as a condition of Agosto's extended supervision in case -0638.

B. *Conditions of extended supervision.*

■■

¶ 11.   The parties agree that extended supervision is akin to probation and that unless a statute requires otherwise a sentencing court may impose reasonable and appropriate conditions of extended supervision just as the court may impose reasonable and appropriate conditions of probation. *See State v. Miller*, 2005 WI App 114, ¶ 13 n.3, 283 Wis. 2d 465, 475 n.3, 701 N.W.2d 47, 52 n.3 ("Case law relating to the propriety of conditions of probation is applicable to conditions of supervision."). Further, conditions of probation may go beyond what is permissible for an order of "restitution." *State v. Heyn*, 155 Wis. 2d 621, 629–630, 456 N.W.2d 157, 160–161 (1990) (A defendant convicted of burglary may be required to pay for the installation of a burglar alarm in his victims' house even though such an order exceeded the scope of the then-extant restitution statute.).

■■

¶ 12.   Whether to impose conditions of probation and what they are is within the reasoned discretion of the sentencing court. *Id.*, 155 Wis. 2d at 629, 456 N.W.2d at 160. All that is required is that the conditions "effectuate the objectives of probation" by fostering the rehabilitation of the defendant and by protecting the "state and community interest." *Id.*, 155 Wis. 2d at 629, 456 N.W.2d at 161. The same considerations apply when the conditions are appended to extended supervision. Thus, "a condition of extended supervision need not directly relate to the offense for which the defendant is convicted as long as the condition is reasonably related to the dual purposes of extended supervision." *Miller*, 2005 WI App 114, ¶¶ 11, 13, 283 Wis. 2d at 474, 475,

701 N.W.2d at 52 ("Whether a condition of extended supervision is reasonable and appropriate is determined by how well it serves the dual goals of supervision: rehabilitation of the defendant and the protection of a state or community interest.").

¶ 13. As the circuit court recognized, requiring Agosto to make good on his debt to his mother reinforces the core aspects of rehabilitation—making the offender realize that there are consequences to what he or she does. Indeed, the reimbursement order goes to the heart of what the circuit court identified as Agosto's major problem and the reason why Agosto was not a candidate for probation: "You have shown absolutely no inclination to follow Court rules. You have shown no inclination to be trustworthy. You have shown no inclination that you could be supervised in the community." To give Agosto a free ride on the bail-jumping loss he caused his mother would only reinforce his view that he is immune to the law's strictures. That would make a mockery of "rehabilitation" and would also ill-serve the interests of our community.

¶ 14. Requiring Agosto to reimburse his mother in the amount the circuit court has now set, whether viewed as a "restitution" order or as a condition of extended supervision, was wholly appropriate and within the circuit court's discretionary authority. Accordingly, we affirm.

*By the Court.*—Judgment and order affirmed.