COURT OF APPEALS
DECISION
DATED AND FILED

June 7, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1809-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2007CF496

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

RONALD E. SCHROEDER,

DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Waukesha County: JENNIFER R. DOROW, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Ronald E. Schroeder, pro se, appeals from orders denying his motion seeking modification of an extended supervision condition and his motion for reconsideration.  The extended supervision condition required that he have no unsupervised contact with minors.  He requested the modification because he wanted to live with his girlfriend, Nicole Mathweg, who had a twelve-year-old son.[1]  Schroeder makes three arguments.  He claims the circuit court: (1) exhibited bias against him based on comments Schroeder believes showed the court had "predetermined its decision"; (2) erroneously exercised its discretion when it denied his modification request because it relied on "unproven speculation and conjecture" instead of the law; and (3) violated the separation of powers doctrine when it said the Department of Corrections (DOC) could "trump" its decision.  We affirm.

## I. BACKGROUND

¶2     In May 2007, the State charged Schroeder with thirty-three counts, which included two counts of second-degree sexual assault, twenty-seven counts of making a visual representation of nudity (for taking nude photos of his then-girlfriend without her consent); one count of computer crimes (for accessing data from his then-girlfriend's email without her consent); one count of misdemeanor battery, domestic abuse; one count of possession of a switchblade knife; and one count of possession of child pornography (based on the discovery of "over 100 images of what officers believed from their training and experience to be children engaged in sexual[ly] explicit conduct" on Schroeder's computers).

---

[1] Schroeder referred to Mathweg as his girlfriend, but Mathweg described Schroeder as her "friend[.]"

¶3    The circuit court granted Schroeder's motion to sever the knife-possession and possession-of-child-pornography counts from the other thirty-one counts. The remaining thirty-one counts were tried to a jury, which found Schroeder guilty on all counts. At sentencing, the severed counts were dismissed and read in. The circuit court noted that the sentence imposed would be longer because of the read-in child pornography charge. The court imposed six years' initial confinement followed by twelve years' extended supervision for each of the sexual assault counts, concurrent to each other. On the twenty-seven counts relating to the nude photographs, the court imposed only costs on some and a ninety-day sentence on others, all concurrent, and on the computer crime, it imposed only costs. On the domestic battery count, the court imposed nine months in jail, consecutive.

¶4    The sentencing court imposed multiple conditions for Schroeder's extended supervision, including, as material here: "The defendant is to have no contact with minors, except incidental and in a circumstance where he is supervised." Schroeder's postconviction proceedings and appeals are set forth in decisions from this court in 2010, 2016, and 2017.[2]

¶5    After he was released from prison and while he lived in transitional housing, Schroeder filed a pro se motion to lift the no-contact-with-minors condition. Schroeder indicated that his girlfriend, Mathweg, said he could live in her home, but, because she had a twelve-year-old son, the DOC would not approve

---

[2] *State v. Schroeder*, No. 2008AP2810-CR, unpublished slip op. (WI App Feb. 17, 2010); *State v. Schroeder*, No. 2014AP1388, unpublished op. and order (WI App May 18, 2016); *State v. Schroeder*, No. 2015AP1729, unpublished op. and order (WI App Apr. 12, 2017).

that living arrangement "until the *no contact with minors* language is stricken from [the] Judgment of Conviction."

¶6      The circuit court held a hearing on Schroeder's motion on July 16, 2020.  At the hearing, the court asked Schroeder why he wanted "modification of the no unsupervised contact with minors" condition.  Schroeder responded that "if it's not lifted or modified, I'll be homeless."  The court then said:  "And the home at which you seek to reside, again, I don't approve of that but I understand the relationship with the Judgment of Conviction, though, is the home that Ms. Mathweg has; is that right?"  The court then questioned Mathweg, who attended the hearing to confirm she was aware of Schroeder's convictions and conditions.  During that interchange, the court explained to Mathweg:  "And, again, I don't approve of the residence.  I'm being asked here today to give some consideration in whether to allow, I guess make some type of an exception to the order that's in place."  The court asked Mathweg about the precautions she would take to make sure Schroeder would not have unsupervised contact with her son.  When questioned, Mathweg admitted that there would be short periods of time when Schroeder would have unsupervised contact with her son.  Mathweg was not concerned about her son's contact with Schroeder.

¶7      In addressing the issue, the circuit court expressed concern because Schroeder failed to provide the court with the DOC's position on whether to remove the condition.  The court noted:  "It's not simple enough to modify a restriction in the Judgment of Conviction because the reality is, the DOC could, nonetheless, trump that if they felt it's not an appropriate, you know, residence."  The court did not grant Schroeder's request because it lacked information from the DOC as to whether the DOC would approve Mathweg's residence if the court were to make the condition modification.

4

¶8    After the hearing, the DOC sent a letter that indicated it had not supervised "Schroeder long enough to meaningfully assess whether or not the condition prohibiting unsupervised contact with minors should be lifted[,]" but it had "no doubt that Mr. Schroeder will find an apartment[.]"   Schroeder filed a motion seeking reconsideration of the circuit court's "July 16, 2020 oral decision[.]"   In August 2020, the court entered two separate written orders.   One order denied Schroeder's original motion "[f]or reasons as stated on the record," and the second order denied his reconsideration motion.   The reconsideration denial explained:

> Contrary to the defendant's belief, the Court was not required to address many of the issue[s] raised, as the court had limited the hearing to addressing only court ordered conditions of supervision.  At the hearing, the defendant was asked to identify which court ordered condition(s) of supervision he was challenging.  Mr. Schroeder only sought modification of the prohibition of unsupervised contact with minors.  The Court did not and will not address the rules of supervision or the merits (or lack thereof) of the underlying conviction.  The convicting court is not the proper forum in which to challenge the rules of supervision – that is an administrative process within the Department of Corrections and then, if all administrative relief is exhausted, court review through an appropriate writ.

¶9    Schroeder appeals both orders.

## II. DISCUSSION

### A. *Judicial Bias*

¶10    Schroeder's first claim is that the circuit court's comments at the beginning of the July 2020 hearing exhibited judicial bias.  Specifically, he asserts that the circuit court's two comments that it did not "approve of" where Schroeder is allowed to live demonstrated that it had predetermined the case before "*hearing*

5

*any testimony or arguments*[.]" The comments Schroeder refers to about the court not *approving* of where Schroeder lives are set forth in paragraph six above. The "approval" comment first occurred in the court's question to Schroeder. The court explained that it does not approve of his housing arrangements. The second "approval" comment came when the court spoke to Mathweg, noting that the court did not "approve of the residence." We reject Schroeder's first claim for the reasons that follow.

¶11 Schroeder failed to object to the circuit court's comments both at the hearing and in his reconsideration motion. Accordingly, he has forfeited his right to raise this issue on appeal. *See State v. Delgado*, 2002 WI App 38, ¶12, 250 Wis. 2d 689, 641 N.W.2d 490 ("[A] specific, contemporaneous objection is required to preserve error."). If Schroeder had objected to these statements, the circuit court would have had the opportunity to explain to Schroeder that it had not predetermined the case. It would have been able to clarify its comments, which—when read in context—appear to be statements simply advising Schroeder and Mathweg that the DOC is the entity that actually approves of where Schroeder can live, not the circuit court.

¶12 Further, we are not persuaded by Schroeder's argument that his pro se status and his failure to obtain the hearing transcript before filing his reconsideration motion should excuse him from the forfeiture rule. As noted, in context, the circuit court's statements do not evidence any bias or prejudgment against Schroeder. Instead, the comments reflect the circuit court's attempt to communicate to Schroeder that the DOC, rather than the circuit court, is the entity that must approve of Schroeder's actual housing arrangements. The circuit court was not predetermining the conditions-modification request—it was making sure

that Schroeder and Mathweg knew *the court* could not approve a specific housing situation.

¶13    To the extent Schroeder makes a due process argument, we reject it as undeveloped.  We decline "to decide issues that are not adequately developed by the parties in their briefs." *Cemetery Servs., Inc. v. Wisconsin Dep't of Regul. & Licensing*, 221 Wis. 2d 817, 831, 586 N.W.2d 191 (Ct. App. 1998).  "[M]ere reference to an alleged 'deprivation of due process' is not sufficient to raise a specific constitutional challenge." *Slawinski v. Milwaukee City Fire & Police Comm'n*, 212 Wis. 2d 777, 810, 569 N.W.2d 740 (Ct. App. 1997) (citation omitted); *ABKA Ltd. P'ship v. Board of Rev.*, 231 Wis. 2d 328, 349 n.9, 603 N.W.2d 217 (1999) ("This court will not address undeveloped arguments.").

### B.  Denial of Modification Motion

¶14    Schroeder's second claim is a general attack on the circuit court's decision.  Schroeder acknowledges that a court's modification decision is a discretionary act and therefore will not be overturned unless the court erroneously exercised its discretion.  *See State v. Miller*, 2005 WI App 114, ¶11, 283 Wis. 2d 465, 701 N.W.2d 47 ("Trial courts are granted broad discretion in determining conditions necessary for extended supervision; such discretion is subject only to a standard of reasonableness and appropriateness."); *Melone v. State*, 2001 WI App 13, ¶6, 240 Wis. 2d 451, 623 N.W.2d 179 (2000) (depicting no erroneous exercise of discretion when circuit court uses a "reasoning process" based "on the facts in the record" and reaches "a conclusion based on logic and founded on a proper legal standard" (emphasis omitted)).

¶15    It is clear from the Record that the circuit court's discretionary decision was not an erroneous exercise of discretion.  At the hearing, the court

declined to modify the condition because it had insufficient information. Schroeder insisted that unless the court removed the condition, he would be homeless. But, the DOC subsequently provided information to the court indicating that the DOC had "no doubt that Mr. Schroeder will find an apartment," despite the condition. The court's decision to deny Schroeder's request was reasonable and appropriate.

¶16 Schroeder criticizes the circuit court's decision because he says it was based on speculation and conjecture. His argument seems to be that because the condition stemmed from the dismissed and read-in possession-of-child-pornography charge, the court should remove it. He suggests that this condition is overly broad and not reasonably related to his rehabilitation. He supports his argument partly based on his belief that the court was biased against him and partly based on the State's reference to the contents of his presentence investigation report (PSI), which Schroeder claims contained speculation and conjecture.

¶17 Again, the Record refutes every argument Schroeder makes. First, as we have already noted, the circuit court did not exhibit bias against him. Second, the Record shows the court did not deny Schroeder's request based on any conjecture contained in the PSI. The court's comments reflect it was not persuaded by the State's argument that the PSI deemed Schroeder a danger to minors based on his "history with [his] other children" because the PSI referenced "much, much younger" children than Mathweg's child. Ultimately, the court denied Schroeder's motion, not based on the PSI, but because it lacked information. The court said: "I do not have sufficient information that would warrant a modification, and I'm going to deny your request. I'll leave open the possibility, sir, if your agent deems this to be an appropriate modification, for you

to work with your agent to petition the Court again." When the court asked Schroeder if he understood, Schroeder responded: "I do. And that's a reasonable--that's a reasonable request."

¶18    Third, as the State points out, the law authorizes the circuit court to consider uncharged and unproven offenses when imposing sentence, *see Elias v. State*, 93 Wis. 2d 278, 284, 286 N.W.2d 559 (1980), and allows it to impose conditions for extended supervision, even if they do not "relate to the offense for which the defendant is convicted as long as the condition is reasonably related to the dual purposes of extended supervision." *Miller*, 283 Wis. 2d 465, ¶13. To the extent Schroeder challenges the initial basis for the condition when the sentencing court imposed it back in 2007, he is procedurally barred from doing so. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994).

¶19    Schroeder fails to convince us that the circuit court erroneously exercised its discretion when it denied his motion. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (stating the appellant bears the burden to demonstrate how the circuit court erred).

*C. Separation of Powers*

¶20    Finally, Schroeder claims that the circuit court erred because it said that the DOC has "trump" powers over it and that this violates the separation of powers doctrine by giving the executive branch the power to impose a sentence on a defendant. Schroeder's claim is based on the court's comment that the DOC could "trump" it. Specifically, the court said: "It's not simple enough to modify a restriction in the Judgment of Conviction because the reality is, the DOC could, nonetheless, trump that if they felt it's not an appropriate, you know, residence."

¶21 We reject Schroeder's last claim. Schroeder forfeited this argument because he failed to object to the circuit court's "trump" comment in the circuit court. "We will not ... blindside trial courts with reversals" when a party failed to make a contemporaneous objection to give the circuit court an opportunity to address the claim in the first instance. *See State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995); *Delgado*, 250 Wis. 2d 689, ¶12; *Young v. Young*, 124 Wis. 2d 306, 316, 369 N.W.2d 178 (Ct. App. 1985) ("The party alleging error has the burden of establishing, by reference to the record, that the error was raised before the trial court.").

¶22 Schroeder did not object when the circuit court made the "trump" comment, nor did he raise the issue in his reconsideration motion. Thus, the circuit court did not have any opportunity to address the comment, and we decline to address it.[3] *See State v. Ledger*, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993) ("[A] party must raise and argue an issue with some prominence to allow the trial court to address the issue and make a ruling.").

### D. Reconsideration Motion

¶23 Although Schroeder appeals from both the initial order and the order denying his reconsideration motion, he did not even mention the standard applicable to reconsideration. "To prevail on a motion for reconsideration, the

---

[3] Although Schroeder's initial motion asserted a separation of powers argument, he abandoned it by not raising it at the July 2020 hearing or in his reconsideration motion. A claim that a defendant raised in "motions" is "tacitly abandoned" if the defendant did not advance the claim "in the actual proceedings[.]" *State v. Ledger*, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993). In other words, a "motion made but not pursued is abandoned[.]" *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999) (citation omitted). Schroeder failed to even mention his separation of powers argument at the hearing, let alone argue or pursue it.

movant must present either newly discovered evidence or establish a manifest error of law or fact." ***Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.***, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853. Because Schroeder failed to present any argument to show the circuit court erred under the reconsideration standard, there is no basis for us to reverse the circuit court's reconsideration order. *See **Gaethke***, 376 Wis. 2d 448, ¶36.[4]

### III. CONCLUSION

¶24 Schroeder failed to prove the circuit court erred in either its initial order or in its order denying his reconsideration motion. Accordingly, we affirm both orders.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).

---

[4] Any claims we do not specifically address are denied as undeveloped or unsupported by legal authority. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).