STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeremy John LARSON, Defendant-Appellant.

Court of Appeals

*No. 03–0019–CR. Submitted on briefs September 8, 2003.—
Decided October 23, 2003.*

2003 WI App 235

(Also reported in 672 N.W.2d 322.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David D. Cook*, Monroe.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lara M. Herman*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Dykman, Vergeront and Higginbotham, JJ.

¶ 1. DYKMAN, J.   Jeremy J. Larson appeals from a judgment convicting him of homicide by intoxicated use of a vehicle. The trial court sentenced him to five years' confinement in prison and ten years' extended supervision, with the condition that Larson be incarcerated in the local jail for two days each year for ten years on the

anniversary of his victim's death. Larson argues that Wisconsin's Truth In Sentencing law, WIS. STAT. § 973.01 (2001–02),[1] does not authorize a circuit court to order periodic jail confinement as a condition of extended supervision. We agree and reverse.

## I. FACTS

¶ 2. On July 16, 2000, Larson was driving while intoxicated and caused a car accident, killing a passenger in his car. The trial court found Larson guilty of homicide by intoxicated use of a vehicle and imposed a bifurcated sentence of five years' confinement and ten years' extended supervision. One condition of Larson's extended supervision was that he would be incarcerated in the local jail on July 15, 5:00 p.m. through July 17, 5:00 p.m. each year. The trial court imposed confinement in jail during the supervision phase to remind Larson of the anniversary of his victim's death. It reasoned that WIS. STAT. § 973.01 allowed jail confinement as a condition of supervision because the overall sentence did not exceed the statutory limit on the length of confinement. Larson appeals.

---

[1] WISCONSIN STAT. § 973.01(2) provides in pertinent part:

> A bifurcated sentence is a sentence that consists of a term of confinement in prison followed by a term of extended supervision under s. 302.113. The total length of a bifurcated sentence equals the length of the term of confinement in prison plus the length of the term of extended supervision.

All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

## II. STANDARD OF REVIEW

■■■

¶ 3.   This appeal requires us to interpret and apply a sentencing statute. Sentencing decisions are left to the trial court's sound discretion. *State v. Spears*, 227 Wis. 2d 495, 506, 596 N.W.2d 375 (1999). However, the meaning of a statute is a question of law. *DOR v. Milwaukee Brewers Baseball Club*, 111 Wis. 2d 571, 577, 331 N.W.2d 383 (1983). We review matters of law, including whether a statute is ambiguous, de novo. *Awve v. Physicians Ins. Co. of Wis.*, 181 Wis. 2d 815, 822, 512 N.W.2d 216 (Ct. App. 1994).

## III. DISCUSSION

■■■

¶ 4.   Larson contends that the plain language of Wis. Stat. § 973.01(2) means that a bifurcated sentence has two phases:   a term of incarceration and a term of supervision. We agree. The statute requires incarceration to occur in prison and extended supervision to occur upon release from confinement. Although a prison supervises an inmate in its custody, the term "extended supervision" in a bifurcated sentence means supervision of an individual not incarcerated. The Criminal Penalties Study Committee's Final Report supports the plain meaning we give to § 973.01(2). It clarifies that "[s]upervision cannot be the same as confinement, as currently defined in the statutes." Criminal Penalties Study Comm. Final Report on 1997 Wisconsin Act 283, Truth In Sentencing, at 123 (Aug. 31, 1999). We conclude § 973.01(2) does not authorize confinement in any facility as a condition of extended supervision.

¶ 5. The State asserts that WIS. STAT. § 973.01(5)[2] authorizes courts to "impose conditions for extended supervision." It argues that this provision permits courts to impose confinement in jail as a condition of extended supervision. We agree. If § 973.01(5) is read independently from § 973.01(2), one can conclude that the court has discretion to impose such confinement.

¶ 6. Because this statute is capable of multiple reasonable meanings, it is ambiguous. *State ex. rel. Newspapers Inc. v. Showers*, 135 Wis. 2d 77, 87, 398 N.W.2d 154 (1987). To resolve this ambiguity, we employ rules of statutory construction to determine the legislative intent behind the statute. *See State v. Newman*, 157 Wis. 2d 438, 442, 459 N.W.2d 882 (Ct. App. 1990), *aff'd* 162 Wis. 2d 41, 469 N.W.2d 394 (1991). Where two statutes relate to the same subject matter, the specific statute controls the general statute. *Gottsacker Real Estate Co. v. DOT*, 121 Wis. 2d 264, 269, 359 N.W.2d 164 (Ct. App. 1984). In this case, WIS. STAT. §§ 973.01(2) and (5) overlap in the treatment of extended supervision. However, § 973.01(2) is more specific than § 973.01(5) because it defines the term of extended supervision. Subsection (5) grants a broad, undefined discretion to the courts regarding the conditions of supervision. To avoid rendering § 973.01(2) meaningless, we conclude that it limits the discretion given courts in § 973.01(5) such that all conditions must conform to the structure of the bifurcated sentence § 973.01(2) provides.

---

[2] WISCONSIN STAT. 973.01(5) provides: "Whenever the court imposes a bifurcated sentence under sub. (1), the court may impose conditions upon the term of extended supervision."

¶ 7. The State contends that Larson's interpretation of WIS. STAT. § 973.01(2) is invalid because "in prison" follows "term of confinement" throughout the sentencing statutes. "In prison" defines the place of confinement in the first half of a bifurcated sentence. The State argues that because Larson's confinement is in the local jail and not a prison, none of the sentencing statutes preclude such confinement as a condition of extended supervision.[3] We are not persuaded. The bifurcated sentence has two distinct phases: one includes incarceration, the other release. The location of the confinement does not determine whether the statute permits confinement as a condition of extended supervision. A person convicted of a crime cannot be jailed and released at the same time.

¶ 8. The State also argues that nothing about the term "supervision" precludes jail time. Moreover, WIS. STAT. § 973.01(8)(a)5 provides that the State may revoke extended supervision, as many times as necessary, and require the offender to return to prison even after the period of confinement. *See* WIS. STAT. § 302.113(9).

---

[3] Truth-in-sentencing applies to misdemeanors committed after February 1, 2003. WIS. STAT. § 973.01(1). WISCONSIN STAT. § 939.60 provides: "A crime punishable by imprisonment in the Wisconsin state prisons is a felony. Every other crime is a misdemeanor." A misdemeanor may result in confinement in prison due to a penalty enhancer. *See* WIS. STAT. § 939.62. However, such a result is exceptional. Ordinarily, imprisonment for a misdemeanor is less than one year. WISCONSIN STAT. § 973.02 provides in pertinent part: "[I]f a statute authorizes imprisonment for its violation but does not prescribe the place of imprisonment, a sentence of less than one year shall be to the county jail, a sentence of more than one year shall be to the Wisconsin state prison . . . ." We need not consider how these statutes affect the State's argument because we have rejected that argument for another reason.

The State argues that this indicates that the term "release" does not show a legislative intent to prohibit any confinement during the supervision period of the sentence. We disagree. Although confinement may be a penalty for violating a condition of supervision, no authorization exists to impose confinement as a condition of supervision. *See* § 973.01(8)(a)5.

■■■

¶ 9. Finally, the State argues that the sentencing statutes permit Larson's confinement in jail because the legislature has not expressly excluded that condition from the broad grant of authority provided in Wis. Stat. § 973.01(5). We disagree. "[I]f the authority to fashion a particular criminal disposition exists, it must derive from the statutes." *State v. Horn*, 226 Wis. 2d 637, 646, 594 N.W.2d 772 (1999) (quoting *State v. Amato*, 126 Wis. 2d 212, 216, 375 N.W.2d 75 (Ct. App. 1985) (citations omitted)). Section 973.01(2) controls the use of confinement in a bifurcated sentence; we must construe § 973.01(5) in light of these guidelines. Absent express authority, a trial court cannot order confinement as a condition of extended supervision. To hold otherwise would lead to absurd results. Following the State's reasoning, an inmate could be incarcerated as a condition of all of his or her extended supervision as long as the overall sentence did not exceed the limitations in § 973.01(2). Such confinement would defeat the purpose of the bifurcated sentence, which mandates supervised release as a precursor to total freedom.

¶ 10. Accordingly, we construe Wis. Stat. §§ 973.01(2) and (5) to prohibit confinement as a condition of extended supervision. We therefore reverse and remand with instructions to vacate the condition of extended supervision which required Larson to be jailed for two days each year.

*By the Court.*—Judgment reversed and cause remanded with directions.