STATE of Wisconsin, Plaintiff-Appellant,

v.

Dale C. PLOECKELMAN, Defendant-Respondent.

Court of Appeals

*No. 2006AP1180–CR. Submitted on briefs November 27, 2006.
—Decided January 23, 2007.*

2007 WI App 31

(Also reported in 729 N.W.2d 784.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James M. Freimuth*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Rand Krueger* of *Krueger Law Office* of Wausau.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. The State of Wisconsin appeals an order dismissing its criminal complaint against Dale Ploeckelman for felony theft by fraud under WIS. STAT. § 943.20(1)(d).[1] The State alleged Ploeckelman misrepresented the quality of milk he sold to Mullins Cheese Inc. The State argues the circuit court erred as a matter of law when it dismissed the felony complaint, after concluding the State must charge Ploeckelman under

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

Wis. Stat. § 98.15(1),[2] which makes it a misdemeanor to manipulate the quality of milk samples. The State also argues the court erred in finding no probable cause to charge Ploeckelman with a crime. We agree with the State and reverse the court's order.

## BACKGROUND

¶ 2. This case arises out of the alleged manipulation of milk weight and milk quality tests by Dale Ploeckelman and Mews Trucking to defraud Mullins Cheese. Ploeckelman is a dairy farmer. Mullins Cheese is a cheese and dairy product manufacturing company that purchased milk from Ploeckelman. Mews Trucking is an independent contractor hired by Mullins Cheese to pick up milk from dairies, including Ploeckelman's.

¶ 3. One of Mews Trucking's haulers, David Searer, mixed higher quality milk samples with samples from Ploeckelman's dairy in order to achieve a higher quality rating from the State and a higher price from Mullins Cheese. Milk producers, such as Ploeckelman,

---

[2] WISCONSIN STAT. § 98.15(1) provides: "No person shall manipulate, underread or overread or make any false determination by the Babcock test or any other test used for determining the value of milk or cream. No person shall make any false record or report of the results of any such test."

WISCONSIN STAT. § 98.26(1)(e) makes a violation of WIS. STAT. § 98.15(1) a misdemeanor. Section 98.26(1)(e) provides:

(1) A person who does any of the following acts shall forfeit not less than $100 nor more than $500 for the first offense and not less than $200 nor more than $1,000 for a subsequent offense. A person who intentionally does any of the following acts shall be fined not more than $10,000 or imprisoned not more than 9 months or both:

. . . .

(e) Violates s. 98.15(1).

are paid based on the weight and quality of the milk delivered. The milk samples are sent to a state laboratory where the quality of the milk is determined. The purchaser of the milk must pay the milk producer an amount based on a per unit of weight price set by the federal government.

¶ 4. Ploeckelman admitted to investigators that he was aware of the mixing of samples and offered to repay Mullins Cheese the amount it was overcharged. Based on its records, Mullins Cheese estimated it overpaid approximately $26,000 for Ploeckelman's milk.

¶ 5. Ploeckelman was charged with two felony counts of theft by fraud in violation of WIS. STAT. § 943.20(1)(d). The criminal complaint alleged Ploeckelman defrauded Mullins Cheese "with a false representation which he knew to be false, made with intent to defraud and which defrauded" Mullins Cheese by allowing Mews Trucking to mix milk samples in order to get a higher milk grade rating and thus a higher price for the milk delivered.

¶ 6. At the conclusion of the preliminary hearing, the circuit court found probable cause to believe Ploeckelman committed a felony under WIS. STAT. § 943.20(1)(d). While the court noted Ploeckelman did not take any physical steps to defraud Mullins Cheese, the court found Ploeckelman's inaction once he learned of the deceit was enough to find probable cause.

¶ 7. However, upon Ploeckelman's motion, the circuit court later dismissed the State's complaint. The court reasoned WIS. STAT. § 943.20(1)(d) was in conflict with WIS. STAT. § 98.15(1), a specific statutory prohibition against manipulating the tests of the value of milk or cream. Applying *State v. Larson*, 2003 WI App 235, 268 Wis. 2d 162, 672 N.W.2d 322, the court held that because § 98.15(1) specifically governed the conduct in

question, the State could not charge Ploeckelman under the more general statute, § 943.20(1)(d).[3]

■

¶ 8. This appeal presents three issues, each of which is a question of law. We review questions of law de novo. *World Wide Prosthetic Supply, Inc. v. Mikulsky,* 2002 WI 26, ¶ 8, 251 Wis. 2d 45, 640 N.W.2d 764. The first issue is whether WIS. STAT. § 98.15(1) precludes a prosecutor from charging under WIS. STAT. § 943.20(1)(d). The second issue is whether Ploeckelman's conduct regarding an on-going fraud could constitute a "representation." The third issue is whether the prosecution produced sufficient evidence at the preliminary hearing to bind Ploeckelman over on the felony charges.

*I. The State's Charging Decision*

¶ 9. The State argues that although Ploeckelman could be charged under WIS. STAT. § 98.15(1), it is not precluded from charging Ploeckelman under WIS. STAT. § 943.20(1)(d).[4] We agree.

¶ 10. The circuit court in holding the misdemeanor was the only statute under which the State

---

[3] Because we ultimately hold there was sufficient probable cause to support the bindover on the felony charges, we need not address the court's other conclusion that there was no probable cause to charge Ploeckelman under WIS. STAT. § 98.15(1). *See* WIS. STAT. §§ 970.03(7)-(9).

[4] WISCONSIN STAT. § 943.20 reads as follows:

(1) Whoever does any of the following may be penalized as provided in sub. (3):

. . . .

could charge incorrectly relied on the statutory construction maxim we used to decide *Larson*. In *Larson*, the court dealt with two sentencing statutes, one conferring broad sentencing discretion and one specifically defining supervision. *Larson*, 268 Wis. 2d 162, ¶¶ 4–6. The difficulty for the *Larson* court was that, as applied, the broad statute became ambiguous. *Id.*, ¶ 6. To resolve this ambiguity, the court applied the statutory construction canon that "[w]here two statutes relate to the same subject matter, the specific statute controls the general statute." *Id.*

¶ 11. In this case, however, we are not dealing with an ambiguous statute either on its face or as applied. Rather, we have an issue of whether Ploeckelman can be charged under WIS. STAT. § 943.20(1)(d).

■

¶ 12. Ploeckelman argues the trial court correctly held WIS. STAT. § 98.15(1) manifests the legislature's intent that fraudulent milk practices be treated as misdemeanors. However the legislature's true intent under the present circumstances is demonstrated in WIS. STAT. § 939.65. Under that statute, if an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions. In *State v. Davison*, 2003 WI

---

(d) Obtains title to property of another person by intentionally deceiving the person with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made. "False representation" includes a promise made with intent not to perform it if it is a part of a false and fraudulent scheme.

WISCONSIN STAT. § 943.20(3)(c) makes Ploeckelman's alleged crime a class G felony because the estimated loss is approximately $26,000.

259

89, ¶ 51 n.19, 263 Wis. 2d 145, 666 N.W.2d 1, our supreme court observed:

> The comment to WIS. STAT. § 939.65 explains the purpose of the section as follows:
>
> This section makes clear that there may be prosecution under more than one section for the same conduct. *For example, a person may be prosecuted under a general section even though there is a specific section which covers the conduct,* or he may be prosecuted under both; . . . a person may be prosecuted for a misdemeanor even though some other section may make his conduct a felony. (Emphasis added.)

*See also United States v. Batchelder*, 442 U.S. 114, 125 (1979) (noting "prosecutor[s] may be influenced by the penalties available upon conviction [in deciding under which statutes to charge the accused], but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause").

■

¶ 13. Both the United States Supreme Court and our supreme court have held prosecutors have the freedom to choose which statutes to charge, as long as the choice is not based "upon an unjustifiable standard such as race, religion, or other arbitrary classification." *State v. Cissell*, 127 Wis. 2d 205, 215, 378 N.W.2d 691 (1985); *see also Batchelder*, 442 U.S. at 125 n.9. In Wisconsin, prosecutors enjoy "broad discretion in determining whether to charge an accused, which offenses to charge [and] under which statute to charge." *State v. Krueger*, 224 Wis. 2d 59, 67, 588 N.W.2d 921 (1999) (footnotes omitted); *see also State v. Lindsey*, 203 Wis. 2d 423, 440, 554 N.W.2d 215 (Ct. App. 1996).

¶ 14. Ploeckelman does not argue that double jeopardy attaches or that the State inappropriately charged him based on race, religion, or another arbitrary classification. Thus, as an exercise of prosecutorial discretion, the State could charge Ploeckelman under the general theft statute as it was not restricted to charging him only under the misdemeanor statute.

## II. Representation Under WIS. STAT. § 943.20(1)(d)

¶ 15. The next issue is whether Ploeckelman's conduct can constitute a "representation" under WIS. STAT. § 943.20(1)(d). Ploeckelman argues his actions were not representations because he made no affirmative statement or act to Mullins Cheese regarding the quality of his milk. The State argues Ploeckelman's conduct was a false representation when he permitted the milk hauler to alter the milk samples. We agree. Here, Ploeckelman's failure to correct the false impression that he was supplying a better quality of milk constituted a representation.

¶ 16. We have previously recognized that "[b]oth the pre-1955 law and the current law are intended to prohibit fraudulent transactions." *State v. Meado*, 163 Wis. 2d 789, 797, 472 N.W.2d 567 (Ct. App. 1991). Ploeckelman argues the statute must be strictly read and a strict reading of "representation" requires some affirmative act. However, the rule of strict construction of a penal statute "does not mean that only the narrowest possible construction must be adopted in disregard of the statute's purpose." *State v. Johnson*, 2005 WI App 202, ¶ 20, 287 Wis. 2d 313, 704 N.W.2d 318 (citation

261

omitted). Rather, "[a] statute should be construed to give effect to its leading idea and should be brought into harmony with its purposes." *Id.* It is consistent with the purpose of prohibiting fraudulent transactions to hold that a representation could include a farmer passively permitting a milk hauler to misrepresent a transaction to the party purchasing the farmer's milk.

¶ 17. WISCONSIN STAT. § 943.20(1)(d) prohibits a type of fraud, which is addressed by both criminal and civil tort law. *See State v. Timblin*, 2002 WI App 304, ¶ 31, 259 Wis. 2d 299, 657 N.W.2d 89. While there are no common law crimes, this court has consulted civil tort law as an aid to interpreting the criminal fraud statutes. *Id.*, ¶ 31 n.5; *see also State v. Mueller*, 201 Wis. 2d 121, 138–39, 549 N.W.2d 455 (Ct. App. 1996). In his brief, Ploeckelman also relies on tort law for guidance as to how to interpret § 943.20(1)(d)'s statutory language and does not dispute its use here.

¶ 18. A representation can be acts or conduct. *See St echer v. State*, 168 Wis. 183, 186, 169 N.W. 287 (1918). In *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 2005 WI 111, 283 Wis. 2d 555, 699 N.W.2d 205, our supreme court laid out the circumstances where a failure to disclose can constitute a representation. The court concluded:

> a party to a business transaction has a duty to disclose a fact where: (1) the fact is material to the transaction; (2) the party with knowledge of that fact knows that the other party is about to enter into the transaction under a mistake as to the fact; (3) the fact is peculiarly and exclusively within the knowledge of one party, and the mistaken party could not reasonably be expected to discover it; and (4) on account of the objective circumstances, the mistaken party would reasonably expect disclosure of the fact.

*Id.*, ¶ 20. If a duty to disclose exists, the failure to disclose is a representation. *See Id.*, ¶ 13 (When there is a duty to disclose a fact, the law has treated the failure to disclose that fact "as equivalent to a representation of the nonexistence of the fact."); *see also Ollerman v. O'Rourke Co.*, 94 Wis. 2d 17, 26, 288 N.W.2d 95 (1980).

¶ 19. Therefore, we have to determine whether the State produced sufficient evidence to establish probable cause that Ploeckelman had a duty to disclose the tampering. To resolve this issue, we turn to *Kaloti*'s elements. First, the fact that the milk hauler was tampering with the milk samples was material to the transaction because it affected the price that Mullins Cheese would pay Ploeckelman for the milk. Second, Ploeckelman knew Mullins Cheese would enter into the transaction under a misconception as to the milk's quality because he knew the state sample, upon which the price of his milk was based, was altered. Third, the milk hauler surreptitiously altered samples given to both the State and Mullins Cheese, so Mullins Cheese could not reasonably have been expected to discover the tampering. Fourth, Mullins Cheese would reasonably expect disclosure of the tampering because it affected the price it would pay for Ploeckelman's milk and the quality of its cheese. Under these facts, the State produced sufficient evidence to establish probable cause that Ploeckelman had a duty to disclose the tampering and by being silent made a representation.

¶ 20. Additionally, the RESTATEMENT (SECOND) OF TORTS § 529 (1977), provides that a fraudulent misrepresentation includes "[a] representation stating the truth so far as it goes but which the maker knows or

believes to be materially misleading because of his failure to state additional or qualifying matter . . . ." Both parties argue the representation at issue is the quality of the milk, which the milk hauler altered with Ploeckelman's knowledge. However, Ploeckelman also made a representation as to the ownership of the milk to Mullins Cheese, which entitled him to payment based on the milk's quality. Ploeckelman admitted he knew his milk quality was being altered by the milk hauler. This knowledge makes his representation to Mullins Cheese regarding his milk materially misleading because he failed to disclose the milk quality tampering, which raised the price of the milk.

*III. Sufficiency of the Evidence*

¶ 21. Finally, we address whether there was sufficient evidence produced at the preliminary hearing, showing probable cause to believe Ploeckelman committed a felony. *See* Wis. Stat. § 970.03(7). "Probable cause at a preliminary hearing is satisfied when there exists a believable or plausible account of the defendant's commission of a felony." *State v. Koch*, 175 Wis. 2d 684, 704, 499 N.W.2d 152 (1993). On appeal, when reviewing the sufficiency of the evidence presented to support a finding of probable cause, we owe no deference to the circuit court's determination but review the matter de novo. *State v. Barman*, 183 Wis. 2d 180, 203, 515 N.W.2d 493 (Ct. App. 1994).

¶ 22. Here, the circuit court initially found probable cause to bind over Ploeckelman on the felony charges. However, the court, in dismissing the complaint, subsequently found there was no probable cause to support criminal charges. We agree with the court's

first ruling that the evidence was sufficient to support a finding of probable cause that Ploeckelman committed a felony under Wis. Stat. § 943.20(1)(d).

¶ 23. Wisconsin Stat. § 943.20(1)(d) prohibits a person from (1) obtaining title to property of another person (2) by intentionally deceiving the person with a false representation which is known to be false, made with the intent to deceive, and (3) which does defraud the person to whom it was made.

¶ 24. First, Don Mullins, an owner of Mullins Cheese, testified that the quality of Ploeckelman's milk samples decreased dramatically once his company, not Mews Trucking, began picking up Ploeckelman's milk. Because the price of milk is based in part on its quality, if the quality was misrepresented, Ploeckelman was overpaid for his milk. This evidence supports probable cause that Ploeckelman wrongfully obtained "title to property" from Mullins Cheese in the form of monetary overpayments. Title to property under both the common law and Wis. Stat. § 943.20(1)(d) includes money. *See State v. O'Neil*, 141 Wis. 2d 535, 416 N.W.2d 77 (Ct. App. 1987).

¶ 25. Second, as noted above, the evidence presented at the preliminary hearing established probable cause that Ploeckelman made a false representation. Given his knowledge and inaction, there is also probable cause that the false representation was made with the intent to deceive and defraud.

¶ 26. Third, at the preliminary hearing, Don Mullins provided detailed records of the milk sample quality tests both before and after it was discovered the milk samples were being manipulated. He also provided records of the amounts he overpaid in reliance on those

falsified milk samples. This evidence is sufficient to establish probable cause that Mullins Cheese was deceived and defrauded by Ploeckelman.

CONCLUSION

¶ 27. The circuit court erred as a matter of law by holding WIS. STAT. § 98.15(1) precludes prosecution under WIS. STAT. § 943.20(1)(d). Additionally, there was sufficient evidence presented at the preliminary hearing to conclude there was probable cause to believe Ploeckelman's alleged acts constitute "false representations" to Mullins Cheese. Finally, the evidence at the preliminary hearing was sufficient to establish a finding of probable cause that Ploeckelman committed a felony.

*By the Court.*—Order reversed and cause remanded for further proceedings.