STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven M. COLLINS, Defendant-Appellant.

Court of Appeals

No. 2007AP2580–CR. *Submitted on briefs July 2, 2008.*
*—Decided October 9, 2008.*

2008 WI App 163

(Also reported in 760 N.W.2d 438.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kendalynn Jackson* of *Jackson Law Office LLC*, Beloit.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Maura FJ Whelan*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Dykman, Vergeront and Bridge, JJ

¶ 1. DYKMAN, J. Steven Collins appeals from an order of reconfinement following revocation of his extended supervision. Collins argues that the trial court's order of reconfinement is illegal because he had not completed his extended supervision for an earlier conviction, and thus had not begun his extended supervision in this case, when his extended supervision was revoked. We conclude that Collins's consecutive periods of extended supervision consisted of one continuous period, and thus revocation for the entire period was proper. Accordingly, we affirm.

## Background

¶ 2. The following facts are undisputed. Collins pled no contest to false imprisonment and was placed on probation for a period of five years, beginning July 2002. In May 2003, Collins was charged with second-degree sexual assault of a child. The Department of Corrections revoked Collins's probation, and he was sentenced in November 2003 to five years of imprisonment, with two years of initial confinement and three years of extended supervision, for his false imprisonment conviction.[1] The next month, Collins was convicted of second-degree sexual assault of a child, and sentenced to a four-year term, with one year of initial

---

[1] Collins received 627 days of sentence credit, reducing his remaining term of initial confinement for false imprisonment to 103 days.

confinement and three years of extended supervision. The sentence was imposed consecutively to the sentence he was already serving for false imprisonment.

¶ 3.   In February 2005, Collins completed his initial confinement and was released to extended supervision. In October 2006, the DOC revoked Collins's extended supervision. The trial court that conducted the sentencing following revocation on his false imprisonment conviction sentenced him to two years' reconfinement. In this case, the trial court ordered Collins reconfined for one year on his sexual assault conviction. Collins then moved the trial court to modify his sentence, arguing that he was not on extended supervision for the sexual assault conviction at the time his extended supervision was revoked. The State agreed with Collins's position, but argued that the appropriate relief was an order vacating the reconfinement order rather than sentence modification. In June 2007, the trial court vacated its order of reconfinement.

¶ 4.   In August 2007, the DOC informed the trial court that its position was that it had acted within its jurisdiction in revoking Collins's extended supervision for both convictions, according to Wis. Stat. § 302.113(4) (2005–06)[2] and *State ex rel. Thomas v. Schwarz*, 2007 WI 57, 300 Wis. 2d 381, 732 N.W.2d 1. The State agreed with the DOC's argument, and Collins opposed it. The trial court reinstated its order of reconfinement. Collins appeals.

## Standard of Review

¶ 5.   This case requires that we interpret and apply Wis. Stat. §§ 302.113(4), 973.01, and 973.15. We

---

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

interpret statutes and apply them to undisputed facts de novo. *Ashford v. DHA*, 177 Wis. 2d 34, 39–40, 501 N.W.2d 824 (Ct. App. 1993).

*Discussion*

¶ 6.  Collins argues that the trial court's sentence of reconfinement is illegal[3] because Wis. Stat. §§ 973.01 and 973.15 establish that he would not begin serving his extended supervision sentence for sexual assault until he completed his extended supervision for false imprisonment, because the sentences are consecutive. The State responds that Wis. Stat. § 302.113(4) plainly states that consecutive extended supervision sentences are aggregated into one continuous period of extended supervision. Collins then replies that § 302.113(4) merely gives a court flexibility in sentencing a defendant following revocation rather than mandating that periods of extended supervision be served concurrently when sentences are imposed consecutively. We conclude that the plain language of Wis. Stat. §§ 302.113(4), 973.01, and 973.15 establish that consecutive periods of extended supervision are to be served consecutively, aggregated into one continuous period, so that revocation of extended supervision at any time allows revocation as to all consecutive sentences.

¶ 7.  Under Wis. Stat. § 973.01(1), sentences for felonies committed after December 31, 1999, must be bifurcated sentences. Both of Collins's felonies were committed after December 31, 1999, so he received two

---

[3] Wisconsin Stat. § 973.13 provides: "In any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings."

bifurcated sentences. "A bifurcated sentence is a sentence that consists of a term of confinement in prison followed by a term of extended supervision under s. 302.113." WIS. STAT. § 973.01(2). A bifurcated sentence is a "determinate sentence." WIS. STAT. § 973.15(2m)(a)1. Under § 973.15(2m)(b)2., consecutive determinate sentences, as the sentences are in this case, require that "the person sentenced shall serve the periods of confinement in prison under the sentences consecutively and the terms of extended supervision under the sentences consecutively and in the order in which the sentences have been pronounced." Finally, under WIS. STAT. § 302.113(4), "[a]ll consecutive sentences imposed for crimes committed on or after December 31, 1999, shall be computed as one continuous sentence. The person shall serve any term of extended supervision after serving all terms of confinement in prison."

¶ 8.   Collins reads these statutes as requiring that the first consecutive period of extended supervision be completed before the second consecutive period can begin. Collins argues that WIS. STAT. § 302.113(4) must be read as merely allowing a trial court flexibility in sentencing following revocation, because a continuous period of extended supervision for consecutive sentences is inconsistent with WIS. STAT. § 973.15(2m)(b)2. We disagree.

¶ 9.   We do not read any inconsistency in the plain language of the statutes. WISCONSIN STAT. §§ 973.01 and 973.15 provide that all sentences for felonies committed after December 31, 1999, must be bifurcated, consisting of a term of initial confinement followed by a term of extended supervision, and that consecutive sentences run in the order imposed. WISCONSIN STAT. § 302.113(4) requires that the aggregate terms of confinement and extended supervision in consecutive sentences are

657

treated as single continuous terms. We see no conflict between these statutes, and thus we are bound by their plain language. *See State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (stating that we ordinarily end our inquiry when a statute's meaning is plain).

¶ 10.   Moreover, Collins's interpretation is contrary to recent case law. In *Thomas*, 300 Wis. 2d 381, ¶ 3, the supreme court held that Thomas's consecutive periods of parole and extended supervision were properly revoked simultaneously. Thomas received a sentence for a forgery conviction, and then a sentence for a burglary conviction. *Id.*, ¶¶ 5–6. Thomas was then paroled on the forgery conviction and released subject to the extended supervision for the burglary conviction. *Id.*, ¶ 8. After Thomas violated the terms of his parole and extended supervision, the DOC sought to revoke both. *Id.*, ¶¶ 8–9. Similar to Collins's argument here, "Thomas argued that parole and extended supervision are two separate sentences, not one continuous period of supervision. He argued that he had not yet commenced serving the extended supervision in the burglary case and that, therefore, it could not be revoked." *Id.*, ¶ 9.

¶ 11.   As both Collins and the State acknowledge, the complicating factor in *Thomas* was that Thomas's first sentence was prior to the Truth-in-Sentencing legislation that changed the sentencing system from indeterminate to determinate sentences, and his second sentence was after the legislative change. *See id.*, ¶¶ 1–23 & n.3. Thus, Thomas's consecutive sentences included one indeterminate sentence, with a period of parole, and one determinate sentence, with a period of extended supervision. *Id.*, ¶¶ 5–8. While acknowledging "that the sentencing statutes do not answer directly

the issue presented as to whether a person who is serving consecutive determinate and indeterminate sentences may have his or her parole and extended supervision revoked simultaneously," the court concluded that "under the overall statutory scheme adopted by the legislature, parole and extended supervision are to be served as one continuous period of supervision." *Id.*, ¶¶ 39, 44. Accordingly, "both may be revoked upon violation of the conditions imposed." *Id.*, ¶ 47. Thus, under *Thomas*, even consecutive indeterminate and determinate sentences are to be treated as one continuous period of supervision.

¶ 12. Further, while the court was split as to how to treat consecutive indeterminate and determinate sentences, it was in agreement that consecutive indeterminate and consecutive determinate sentences are both to be treated as continuous periods. *Id.*, ¶ 54 (Bradley, J., dissenting). As the *Thomas* dissent explains:

> [*Thomas*] highlights a gap in our sentencing structure. The legislature provided that consecutive sentences of parole should be treated as one continuous period for pre-TIS cases. Wis. Stat. § 302.11(3). It likewise provided that consecutive sentences of extended supervision should be treated as one continuous period in TIS cases. Wis. Stat. § 302.113(4). However, a gap in the statutory scheme, created by a Governor's veto, leaves the statutes silent in regards to the hybrid situation presented in [*Thomas*]:  how pre-TIS parole and TIS extended supervision are to be treated when the sentences are consecutive.

*Id.*

¶ 13. According to the plain language of Wis. Stat. § 302.113(4), two consecutive periods of extended supervision are computed as one continuous period. Thus,

"both may be revoked upon violation of the conditions imposed." *See Thomas*, 300 Wis. 2d 381, ¶ 47. Therefore, we affirm.

*By the Court.*—Order affirmed.