STATE of Wisconsin, Plaintiff-Respondent,

v.

Jack E. HOPPE, Defendant-Appellant.

Court of Appeals

*No. 2013AP1457–CR. Submitted on briefs February 18, 2014. —Decided April 22, 2014.*

2014 WI App 51

(Also reported in 847 N.W.2d 869.)

219

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald T. Lang*, assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Michael C. Sanders*, assistant attorney general.

Before Hoover, P.J., Mangerson and Stark, JJ.

¶ 1. HOOVER, P.J. Jack Hoppe appeals a judgment of conviction for seventh-offense operating while intoxicated, and an order denying his postconviction motion. Hoppe argues the court exceeded its authority by prohibiting Hoppe from driving a motor vehicle as a condition of extended supervision. Hoppe contends the

court could not permissibly exceed the statutory duration limit on revoking operating privileges. We agree, and reverse the order and that part of the judgment prohibiting Hoppe from driving as a condition of extended supervision.

## BACKGROUND

¶ 2. Hoppe was convicted of seventh-offense OWI. In November 2012, the circuit court sentenced him to nine years' imprisonment, split evenly between initial confinement and extended supervision. However, because the sentence was ordered to be served consecutive to prior sentences, Hoppe's extended supervision date is in June 2017, and his maximum discharge date is in June 2026.[1] Unless revoked, Hoppe will serve a nine-year term of extended supervision.

¶ 3. At sentencing, the court also granted the State's request to revoke Hoppe's motor vehicle operating privileges for the maximum three years permitted by Wis. Stat. § 343.30(1q)(b)4.,[2] which revocation effectively commences upon release from confinement. *See* Wis. Stat. § 343.30(1q)(b)5., (1r). Additionally, the court ordered a condition of extended supervision prohibiting Hoppe from operating a motor vehicle.

---

[1] When serving multiple sentences, a defendant's consecutive extended supervision terms are aggregated into one continuous term of extended supervision, which the defendant continues to serve until the discharge date. *See* Wis. Stat. § 302.113(4); *State v. Collins*, 2008 WI App 163, 314 Wis. 2d 653, 760 N.W.2d 438.

All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] Wisconsin Stat. § 343(1q)(b)4. provides that for third and subsequent OWI convictions "the court shall revoke the person's operating privilege for not less than 2 years nor more than 3 years."

¶ 4. Hoppe filed a postconviction motion asking the court to remove the condition prohibiting him from operating a motor vehicle while on extended supervision. Hoppe argued that, in accordance with WIS. STAT. §§ 343.30(1q)(a), (b)4. and 343.30(5),[3] the court did not possess the authority to prohibit him from operating a vehicle as a condition of his extended supervision. The court denied Hoppe's motion, explaining the driving prohibition was a reasonable condition designed to protect the public. The court further reasoned the prohibition did not conflict with chapter 343 because the condition did not prohibit Hoppe from obtaining or retaining an operator's license; rather, the condition only precluded him from operating a vehicle. Hoppe now appeals.

## DISCUSSION

¶ 5. Hoppe contends the circuit court lacked authority to order a condition of supervision prohibiting him from operating a motor vehicle. Specifically, he argues a court's broad authority to fashion appropriate conditions of extended supervision is limited by the WIS. STAT. § 343.30 provisions concerning suspension and revocation of operating privileges by the courts.[4]

¶ 6. Interpretation and application of statutes to undisputed facts present questions of law subject to de

---

[3] WISCONSIN STAT. § 343.30(5) provides: "No court may suspend or revoke an operating privilege except as authorized by this chapter [or other statutes not applicable here]."

[4] As context, we note WIS. STAT. ch. 343 is titled "OPERATORS' LICENSES," and is divided into six subchapters. Subchapter III, titled "CANCELLATION, REVOCATION AND SUSPENSION OF LICENSES," includes WIS. STAT. § 343.30, titled "Suspension and revocation by the courts."

novo review. *McNeil v. Hansen*, 2007 WI 56, ¶ 7, 300 Wis. 2d 358, 731 N.W.2d 273. "[S]tatutory interpretation begins with the language of the statute." *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). "Statutory language is given its common, ordinary, and accepted meaning except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* Statutes must be interpreted in context, and reasonably, to avoid absurd results. *Id.*, ¶ 46. Further, a court must seek to avoid surplusage and give effect to every word in the statute. *Id.* "Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history." *Id.*

¶ 7. "[T]he court may impose conditions upon the term of extended supervision." WIS. STAT. § 973.01(5). Under this authority, the court has " 'broad, undefined discretion' " to impose any reasonable, appropriate, and legally correct condition. *State v. Galvan*, 2007 WI App 173, ¶¶ 8, 10, 304 Wis. 2d 466, 736 N.W.2d 890 (citations omitted). The conditions must further the goals of extended supervision, i.e., the defendant's rehabilitation and protection of the public. *State v. Agosto*, 2008 WI App 149, ¶ 12, 314 Wis. 2d 385, 760 N.W.2d 415. Here, there is no dispute that the condition prohibiting Hoppe from operating a vehicle was reasonable, appropriate, and designed to protect the public.

¶ 8. Nonetheless, a sentencing court cannot impose what might otherwise be a reasonable and appropriate condition of supervision, if doing so would conflict with another statutory provision. *See State v. Larson*, 2003 WI App 235, ¶ 6, 268 Wis. 2d 162, 672

224

N.W.2d 322. Indeed, supervision conditions have been invalidated in numerous instances where there was merely an implicit conflict. *See State v. Martel*, 2003 WI 70, 262 Wis. 2d 483, 664 N.W.2d 69 (sex offender registration statute that permitted court to order registration when a defendant was convicted of certain offenses implicitly prevented the court from ordering registration for unspecified offenses or for read-in offenses); *State v. Oakley*, 2000 WI 37, 234 Wis. 2d 528, 609 N.W.2d 786 (where defendant faced a ten-year sentence upon probation revocation, the "fine" statute that permitted only a six-month commitment for nonpayment implicitly prevented the court from conditioning probation on payment of an unpaid fine from a previous case); *Larson*, 268 Wis. 2d 162 (statutes creating the bifurcated sentencing scheme and distinguishing between confinement and supervision implicitly prevented the court from ordering incarceration as condition of extended supervision); *State v. Torpen*, 2001 WI App 273, 248 Wis. 2d 951, 637 N.W.2d 481 (probation and restitution statutes limiting restitution to victims of the offense considered at sentencing implicitly prevented the court from conditioning probation on payment of restitution from unrelated cases); *State v. Cetnarowski*, 166 Wis. 2d 700, 480 N.W.2d 790 (Ct. App. 1992) (bail and restitution statutes authorizing application of posted bail to fines and costs implicitly prevented a condition requiring application of bail to restitution); *State v. Peterson*, 163 Wis. 2d 800, 472 N.W.2d 571 (Ct. App. 1991) (the "costs" statute authorizing assessment of costs against defendant for certain prosecution disbursements implicitly prevented the court from ordering defendant to reimburse the county for general law enforcement expenses not specified); *State v. Amato*, 126 Wis. 2d 212, 376 N.W.2d 75 (Ct. App.

225

1985) (the "costs" statute authorizing assessment of certain costs implicitly prevented the court from ordering defendant to reimburse the county for special prosecutor fees not specified). We must therefore determine whether the condition prohibiting Hoppe from driving conflicts with other statutory provisions.

¶ 9. The parties' dispute centers on the following provisions. "If a person is convicted [of OWI] under s. 346.63(1) . . . the court *shall* proceed under this subsection." Wis. Stat. § 343.30(1q)(a) (emphasis added). For third and subsequent OWI convictions "the court *shall* revoke the person's operating privileges for not less than 2 years nor more than 3 years." Wis. Stat. § 343.30(1q)(b)4. (emphasis added). "No court may suspend or revoke an operating privilege except as authorized by this chapter [or other statutes not applicable here]."[5] Wis. Stat. § 343.30(5).

¶ 10. The State adopts the circuit court's rationale for determining Wis. Stat. § 343.30(5) did not bar a court-ordered supervision condition prohibiting operation of a motor vehicle. The court explained:

> Mr. Hoppe's argument falls apart, however, when one looks at the statutory definition of the term begin quote "operating privilege" end of quote. That term has been statutor[ily] defined as "the license, including every endorsement and authorization to operate vehicles of specific vehicle classes or types, instruction permit, and temporary, restricted or occupational license granted to such person . . . ." [Wis. Stat. §] 340.01(40). The only aspect of Mr. Hoppe's sentence that is encompassed in chapter [343] is his ability to get a license. The Court's condition of extended supervision that he not drive or operate a motor vehicle does not impact Mr. Hoppe's ability to get a license.

---

[5] The parties agree none of the other chapters or statutes listed in Wis. Stat. § 343.30(5) are applicable here.

¶ 11. The State's argument consequently turns on the definition of "operating privilege." If operating privilege means a driver's license, and a driver's license is merely a physical document, then the court's nine-year prohibition on driving does not conflict with the WIS. STAT. § 343.30(5) rule prohibiting the court from suspending or revoking Hoppe's operating privilege beyond three years.

¶ 12. However, it is the State's argument that falls apart upon further scrutiny. By definition, "operating privilege" does not mean just the physical license document.[6] Rather, it "means, in the case of a person who is licensed under ch. 343, the license, *including* every . . . *authorization* to operate vehicles of specific vehicle classes . . .; [and] in the case of a resident . . . who is not so licensed, it means the *privilege* to secure a license under ch. 343 . . . ." WIS. STAT. § 340.01(40) (emphasis added). The legislature then defined "Operator's license," which "means the *authorization* granted to a person by this state . . . to operate a motor vehicle, including a driver's license . . . ." WIS. STAT. § 340.01(41g) (emphasis added).[7] The special statutory definition of "operating privilege"—the state-granted authorization to operate a vehicle—is entirely consistent with a common meaning of the term privilege: a granted right. Thus, it is apparent that the WIS. STAT. § 343.30(5) limitation on courts suspending or revoking

---

[6] We note that when setting forth standards concerning the physical license document, the legislature specifically refers to the "license document." *See* WIS. STAT. § 343.17(2) (titled, "LICENSE DOCUMENT.").

[7] The statute also defines "Operator," which "means a person who drives or is in actual physical control of a vehicle." WIS. STAT. § 340.01(41).

operating privileges precludes not only restrictions on obtaining a physical license document, but also on the privilege to operate a vehicle.

¶ 13. The privilege to operate noncommercial vehicles is further described by statute, albeit in negative form: "No person may operate a motor vehicle which is not a commercial motor vehicle upon a highway in this state unless the person possesses a valid operator's license issued to the person by the department which is not revoked, suspended, canceled or expired."[8] WIS. STAT. § 343.05(3)(a). Because only the department of transportation can issue an operator's license, no other entity can grant a person the privilege to drive on the public highways. Thus, any attempted restriction of that privilege is meaningless unless the restriction conforms to the rules for restricting the department-issued operator's license.[9]

¶ 14. We have already concluded, based upon plain statutory language, that a court may not restrict a person's right to operate a vehicle, except as provided in WIS. STAT. § 343.30(5). Our interpretation is also buttressed by another subsection. If the State's interpretation was correct, then the legislature would have had little need to create the following provision:

> A court may suspend a person's operating privilege upon conviction of [various sex crimes] if the court finds that it is inimical to the public safety and welfare for the offender to have operating privileges. The suspension shall be for one year or until discharge from

[8] " 'Department' means the department of transportation." WIS. STAT. § 340.01(12).

[9] The parties have not addressed the propriety of a judicial restriction of a person's right to operate a vehicle *not* upon the public highways. We therefore do not address it either.

> prison or jail sentence or probation, extended supervision or parole with respect to the offenses specified, whichever date is later.

WIS. STAT. § 343.30(2d). If a court had independent authority to impose conditions of supervision restricting operating privileges in any case where it deemed it appropriate, then it would be peculiar indeed for the operator's license statutes to grant courts an essentially duplicate authority, particularly in a class of crimes that are generally unrelated to vehicles. The State's interpretation would impermissibly render the "probation, extended supervision or parole" language of subsection (2d) mere surplusage. *See Kalal*, 271 Wis. 2d 633, ¶ 46.

¶ 15. Finally, we observe our interpretation is consistent with *State v. Darling*, 143 Wis. 2d 839, 422 N.W.2d 886 (Ct. App. 1988). There, the issue was whether a court had inherent authority to impose restrictions upon an occupational license beyond the restrictions authorized by statute. *Id.* at 841. We concluded the court had no such authority, explaining:

> Here, the regulation of motor vehicle operating privileges is a function of the legislature and not the courts. Because this area is controlled exclusively by the legislature, and not a court function, the court is confined to those powers vested by the statute. The statute enumerates restrictions that the court can impose and is devoid of any language granting discretionary power to impose additional restrictions.

*Id.* at 844. Similar to *Darling*, here WIS. STAT. § 343.30(5) does not enumerate a specific exception authorizing courts to restrict operating privileges as a condition of supervision.

229

¶ 16. We appreciate the circuit court's concern for public safety in this case. While it may appear the legislature has tied a court's hands when it comes to keeping dangerous repeat drunk drivers off the road, we observe there are countervailing considerations. For an offender to successfully reintegrate into society, a driver's license is frequently essential. In many areas of the state, there are few if any other reliable options for getting to treatment, counseling, or a job. Moreover, the offender is eventually going to complete his or her sentence and be discharged from supervision. Perhaps it is wiser to transition the person to driving while he or she is still subject to supervision, and to the rules and immediate sanctions that may be imposed by one's supervising agent, who will be in the best position to assess the offender's risk.

*By the Court.*—Judgment affirmed in part; reversed in part; order reversed; and cause remanded with directions.