PER CURIAM.
¶1 Justin Robert White appeals an amended judgment of conviction entered on February 3, 2017. He also appeals a circuit court order entered January 2, 2018, denying postconviction relief. He claims that certain language in the amended judgment of conviction must be removed because the language was derived from a statute that does not apply to him, does not reflect the sentencing court's order, and was inserted by the clerk of circuit court acting without a judicial directive. For the reasons that follow, we are persuaded that the language must be removed. Accordingly, we reverse the amended judgment of conviction in part, reverse the postconviction order, and remand with instructions to correct the amended judgment of conviction by striking the language inserted by the clerk.
BACKGROUND
¶2 In 2014, the circuit court sentenced White for armed robbery and ordered him to pay restitution "from prison funds not to exceed 25%." White appealed, challenging the amount of restitution imposed and alleging that he was statutorily entitled to a comprehensive order covering all of his financial obligations. We agreed with White. See State v. White (White I ), No. 2015AP780-CR, unpublished slip op. ¶1 (WI App Oct. 12, 2016). We remanded the matter to the circuit court with directions to: (1) enter an amended judgment of conviction reflecting the reduced amount of restitution; and (2) "enter a single order under WIS. STAT . § 973.20 (12)(a) [2013-14[1] ], covering all of White's financial obligations in this case." White I , No. 2015AP780-CR, ¶¶16, 23. We further directed that the order "shall make clear that it supersedes any prior orders addressing [White's] financial obligations, that White is subject to a deduction for those obligations not to exceed twenty-five percent of the funds he receives in prison, and that his payments shall be applied in accordance with § 973.20(12)(b) [2013-14]." White I , No. 2015AP780-CR, ¶23.
¶3 Following remand, the circuit court entered an order on February 2, 2017, that conformed with our mandate. The next day, the clerk of circuit court issued an amended judgment of conviction that incorporated the language in the circuit court's order.[2] The amended judgment, however, also contained language not included in prior judgments or orders in this case. Specifically, the amended judgment mandated that White must "authorize the [D]epartment [of Corrections] to collect, from the defendant's wages and from other monies held in the defendant's inmate account, an amount or a percentage which the [D]epartment determines is reasonable for restitution to victims."
¶4 White moved to strike the new language from the amended judgment, stating that the language conflicted with the orders of this court and the circuit court. With the motion, White submitted documentation, including a memorandum from the Department of Corrections, showing that the Department was withholding fifty percent of his prison funds for restitution payments. The State did not oppose White's motion. The circuit court, however, rejected White's claim in an order entered on January 2, 2018.[3] The circuit court observed that the text White sought to remove from the amended judgment "is derived from [ WIS. STAT . §] 973.20(11)(c)... which took effect on July 1, 2016, pursuant to 2015 Wis. Act 355. According to the clerk of courts, this language has been 'hard wired' by Court Operations in Madison into every judgment of conviction." (Footnote omitted.) The circuit court went on to find, based on the Department's memorandum, that the Department was not relying on the text of the amended judgment to make deductions from White's inmate trust accounts but instead was relying on statutory authority. The circuit court concluded that White had failed to show any harm flowing from the disputed language in the amended judgment and denied the motion to strike that language. White appeals.
ANALYSIS
¶5 White seeks to strike from the amended judgment of conviction language that was concededly inserted by the clerk of circuit court. Whether a judgment of conviction should be corrected presents a question of law. See State v. Prihoda , 2000 WI 123, ¶8, 239 Wis. 2d 244, 618 N.W.2d 857. We review such questions de novo . See State v. Ploeckelman , 2007 WI App 31, ¶8, 299 Wis. 2d 251, 729 N.W.2d 784.
¶6 "[A] clerk of circuit court may not change a written judgment of conviction when the change can be characterized as a 'judicial decision.' " Prihoda , 239 Wis. 2d 244, ¶22. A judicial decision includes even the correction of a clerical error. See id. , ¶23. Adding a mandate to a judgment of conviction plainly constitutes a judicial decision. Accordingly, the clerk of circuit court could not take such action independent of the circuit court. See id. , ¶26.
¶7 The circuit court found, and the parties do not dispute, that the mandate at issue was not part of the sentencing court's pronouncements but was derived from WIS. STAT . § 973.20(11)(c).[4] This provision took effect on July 1, 2016, long after the circuit court sentenced White in 2014. See 2015 Wis. Act 355, §§ 15, 18m. Neither this court in White I nor the circuit court in its February 2, 2017 order subsequently authorized including the statutory language in the amended judgment. The clerk therefore could not include the language in the judgment. See Prihoda , 239 Wis. 2d 244, ¶22.
¶8 The State concedes that WIS. STAT. § 973.20(11)(c)"applies at sentencing" and "is inapplicable to [White]." The State nonetheless asks us to affirm the postconviction order denying White's motion to strike the statutory language from his amended judgment of conviction. According to the State, the language should remain because removing it will have no practical effect on White's effort to achieve the goal that the State believes he is pursuing, namely, limiting the percentage of his income that the Department of Corrections may deduct from his inmate trust funds.[5] White's ultimate goal, however, does not concern us. Rather, our concern is with the rule that the clerk of circuit court may not unilaterally and without judicial authorization change a judgment of conviction, regardless of whether the change prejudices the defendant. See Prihoda , 239 Wis. 2d 244, ¶21. That rule governs here.
¶9 Accordingly, we reverse the February 3, 2018 amended judgment of conviction in part, and we reverse the January 2, 2018 postconviction order. We remand to the circuit court with directions to correct the amended judgment either by removing the language derived from WIS. STAT . § 973.20(11)(c), or, alternatively, by directing the office of the clerk of circuit court to remove the language. See Prihoda , 239 Wis. 2d 244, ¶49.
By the Court. -Judgment affirmed in part and reversed in part; order reversed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All subsequent references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The Honorable Thomas J. McAdams entered the February 2, 2017 order and directed entry of an amended judgment of conviction. Pursuant to Wis. Stat . § 972.13(4), the clerk of circuit court signed the amended judgment.

The Honorable Joseph R. Wall entered the January 2, 2018 order.

Wisconsin Stat . § 973.20(11)(c) provides:
If a defendant who is in a state prison or who is sentenced to a state prison is ordered to pay restitution, the court order shall require the defendant to authorize the department to collect, from the defendant's wages and from other moneys held in the defendant's prisoner's account, an amount or percentage the department determines is reasonable for payment to victims.

We observe that the State's position is not entirely consistent. The State advises that it "does not object to the elimination of the language" that White seeks to strike from the amended judgment while asking us to affirm the postconviction order denying his motion to eliminate that language.